UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MENDES JUNIOR INTERNATIONAL  :
COMPANY  :
  :
                              Plaintiff,  :
  :
                -against-  :        **OPINION**
  :
  :        96 Civ. 06584 (RLC)
BANCO DO BRASIL S.A., et al.,  :
  :
                       Defendants.  :
------------------------------------------------------------ X


APPEARANCES


**Jay Gerald Safer**
Locke Lord Bissell & Liddell LLP(NYC)
3 World Trade Financial Center
20th Flr.
New York , NY 10281-2101
*Attorney for Plaintiff*


**David Paul Zaslowsky**
Baker & McKenzie LLP
1114 Avenue of The Americas
NY , NY 10036
*Attorney for Defendants*


**ROBERT L. CARTER, District Judge**

On June 29, 1998, this court granted Defendants Banco do Brasil, S.A. ("Banco") and BB-Leasing Company's *forum non conveniens* motion to dismiss Plaintiff Mendes Junior International Company's ("Mendes") complaint stemming from an alleged breach of contract. Plaintiff commenced an action on May 14, 2003, before the Court of the First Instance in the Eighth Civil Court of the State of Minas Gerais in Belo Horizonte, in Brazil. The Belo Horizonte court dismissed the claim for lack of jurisdiction. Plaintiff moved to reinstate the action with this court, and, on July 1, 2004, the court issued an endorsement order staying the matter pending exhaustion of all available remedies in Brazil. On August 24, 2007, the Supremo Tribunal Federal, Brazil's highest court, refused to overturn the original finding of no jurisdiction.

Mendes now moves anew to reinstate the action. Defendants oppose the motion. On June 10, 2009, the court conducted a hearing to explore the circumstances surrounding the Brazilian court's decision to help determine whether it is entitled to recognition.

## BACKGROUND

Mendes brought an action in New York State court for a declaratory judgment, promissory estoppel and over $800 million in damages based on Defendants' alleged breaches of contract, breaches of fiduciary duty and failure to perform their various obligations to Mendes in a commercially reasonable manner. On August 29, 1996, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441(d).

Mendes's complaint rehearsed the vicissitudes of its involvement with Banco do Brasil, starting in the 1970s when Banco agreed to finance several of its construction projects in Iraq. In 1986, Banco refinanced Mendes's debts through a sale lease back

2

transaction (the "Lease") with BB-Leasing. The Lease provided for Mendes to sell its construction equipment to BB-Leasing for a nominal sum. Mendes was then required to pay back the debt through monthly lease installment payments.

In July of 1989, financial disputes with the Iraqi government over missed payments to Mendes led to the creation of an assignment agreement (the "Assignment Agreement") between Mendes and Banco, pursuant to which Mendes assigned its payment claims against Iraq to Banco.

Banco and Mendes entered into another agreement, on October 14, 1989, pursuant to which Banco loaned Mendes an additional $45 million for the Iraqi construction projects ("Loan Agreement"). As a condition to the refinancing, Banco required Mendes to obtain a special insurance policy from Instituto Resseguor do Brasil ("IRB") that would provide full payment to Banco if Mendes became unable to do so.

Iraq's invasion of Kuwait and the subsequent United Nations embargo exacerbated Mendes's contractual difficulties with the Iraqi government. Unable to extract payments from Iraq, Mendes defaulted on its loan repayment obligations to Banco. Banco brought suit in Brazil to collect the defaulted loan amounts.

Mendes, for its part, sued Defendants in the United States for wrongful acts and omissions that it claims caused its operating income to decline from approximately $1.2 billion in 1986 to under $270 million in 1995. Mendes seeks compensation for its monetary damages as well as a declaration that it is not required to repay the Loan, the Lease, or any other financial obligation to Banco.

Mendes's American complaint lists eight causes of action. Mendes's first claim is that Banco breached its obligations under the Lease and the 1989 Loan by failing to

pursue repayment under the IRB insurance policy. Mendes's second claim is that the bank breached its obligations under the Assignment Agreement by failing to pursue Mendes's claims against Iraq. Mendes's third claim is the Banco's alleged failure to pursue claims against Iraq and IRB also constituted a breach of its fiduciary duties to it. Mendes's fourth claim is that, due to Banco's alleged promises to obtain payment from Iraq and consequent failure to make reasonable attempts to do so, Banco should be estopped from demanding repayment of any of Mendes's obligations to it, including the Lease. Mendes's fifth claim is that Banco's failure to use reasonable efforts to collect the proceeds from the IRB policy warrants Banco being estopped from obtaining repayment of any alleged obligation of Mendes. Mendes's sixth and seventh claims are for alleged breaches of a duty of good faith. Mendes's eighth claim is that Banco breached its duty to act in a commercially reasonable manner with respect to the collateral for the Lease and the 1989 Loan.

## DISCUSSION

Defendants argue that Mendes's claims are not entitled to reinstatement because Mendes did not make the required good faith efforts to pursue them in Brazil. "[A] forum may not become available by way of fraud." In re: Bridgestone/Firestone, 420 F.3d 702, 707 (7th Cir. 2005); see also Hilton v. Guyot, 159 U.S. 113, 159-60 (1895) (holding that a foreign decision should not be credited if "some special ground is shown for impeaching the judgment, as by showing that it was affected by fraud"). The Brazilian decision is not entitled to recognition by this court if it was the fruit of manipulation.

The court has substantial misgivings about reinstating the claim. Having considered the Parties' arguments and their filings, it finds that the Brazilian court's conclusion that it could not hear the case for want of competency is not subject to recognition by courts in the United States. Plaintiff's Brazilian pleadings departed so significantly from its American pleadings that the court is unsatisfied that the Brazilian court passed judgment on the same claim that this court dismissed. Furthermore, the Brazilian complaint is compromised by a misapprehension about the conditions this court imposed on its dismissal of the claim.

The Brazilian complaint strays from the American complaint because the Parties were not identical. The Brazilian complaint replaced defendant Banco do Brasil S/A, a corporation organized and existing under the laws Brazil that is majority owned by the Brazilian government, with Banco do Brasil S/A, Cayman Branch.

The Brazilian complaint also strays from the American complaint by characterizing Mendes differently. According to the American complaint, Mendes is a corporation organized and existing under the laws of the Cayman Islands with its principal place of business in Belo Horizonte, Brazil. By contrast, according to the Brazilian complaint, Mendes is a company organized in the Cayman Islands by Mendes Junior Engenharia S/A, without any facilities, agency or branch in Brazil, having never conducted business in Brazil or even been authorized to operate in Brazil.

The Brazilian complaint also strays from the American complaint by placing BB Leasing at the center of the controversy. BB Leasing's role in the American pleadings is subordinate and derives entirely from its position as Banco's instrumentality. The American complaint describes BB Leasing as having "acted as Banco do Brasil's

5

instrumentality with respect to the transactions at issue" (Compl. ¶ 9), and states that Banco arranged for BB Leasing to effectuate the refinancing of the loans (Compl. ¶ 25). The American complaint explains that "BB Leasing is made a party defendant in [the] action because, *inter alia*, Banco do Brasil directed that it lend funds to Mendes Junior for certain of the Iraqi projects, and BB-Leasing participated in and contributed to Banco do Brasil's wrongful acts and omissions in connection therewith."  (Compl. ¶ 9.)  There is no further mention of BB leasing in the 101 paragraph complaint, and Mendes does not accuse it of any direct wrongdoing.  The Brazilian complaint, by contrast, ascribes to BB Leasing far more stature and influence, and alleges direct misconduct by BB Leasing that resulted in major losses to Mendes.

The Brazilian complaint also reflected a misapprehension about the conditions this court imposed on its dismissal of the claim.  Plaintiff distorts the 1998 decision, misstating in the Brazilian complaint that this court granted Defendants' *forum non conveniens* motion on the condition that "in a single procedure against B.B. Leasing and Banco do Brasil, 'Grand Caymen' branch, the existence of Brazilian jurisdiction be proved, and that all the claims made in the New York action be also jointly possible in Brazil."  (Brazilian Compl. § I-11.)   The only conditions attaching to the dismissal of the complaint were that the courts of Brazil have jurisdiction to adjudicate the claims asserted in the American action; that Defendants appear generally in any action asserting the present claims filed against it by Plaintiff in Brazil; and that the Defendants waive jurisdictional defenses as well as any statute of limitations defense they did not have at the time the complaint was filed.  See Mendes Junior Int'l Co. v. Banco do Brasil, S.A.,

6

15 F. Supp. 2d 332, 341 (S.D.N.Y. 1998). The language Mendes references[1] was dictum explaining one of the factors the court minded to decide whether the case should be dismissed. Furthermore, that language correlated to a separate holding that a disputed forum agreement clause was valid and would be enforced. It was not a condition for dismissal. Plaintiff's distortion was consequential, as the Brazilian trial court rested its rejection of the complaint on its incapacity to accede to what it perceived to be this court's conditions.

It is the law in this circuit that a court cannot dismiss a claim for *forum non conveniens* without satisfying itself first that the litigation may be conducted elsewhere against all defendants. PT United Can Co., LTD v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 73 (2d Cir. 1998) (citing Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 981 (2d Cir. 1993)). As Mendes Junior points out, there needs to be jurisdiction over all of the Defendants before a case can be dismissed on *forum non conveniens* grounds. It may very well be that when presented with the pleadings as constituted in the United States the Brazilian court will find that it cannot provide a forum for a claim against BB-Leasing. But that conclusion is not foregone, so this court will not anticipate it.

---

[1] "Moreover, the Assignment Agreement clause already requires that several parts of plaintiff's claims be adjudicated in Brazil. Instead of sending these claims piecemeal to another forum, the interests of judicial economy are best served by maintaining the suit was [*sic*] one complete package. Accordingly, plaintiff's claims are dismissed in their entirety under forum non conveniens grounds." Mendes Jr. Int'l Co., 15 F.Supp. 2d at 34.

## CONCLUSION

Plaintiff has failed to demonstrate that no adequate alternative forum exists under the laws of Brazil. Accordingly, Plaintiff's motion for reinstatement is denied.

**IT IS SO ORDERED.**

DATED: New York, New York
July 22, 2009

Robert L. Carter
United States District Judge